# CHRIS DANIEL
# HARRIS COUNTY DISTRICT CLERK

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
3/4/2015 5:50:56 PM
CHRISTOPHER A. PRINE
Clerk

**DATE: FEB. 27, 2015**

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT THE COURT OF APPEALS**

**TO:       14TH  COURT OF APPEALS**

**From:    Deputy Clerk: PHYLLIS WASHINGTON**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:   2011-14628**

**VOLUME _____   PAGE _____      OR     IMAGE # 63282169**

**DUE   3-23-15                                    ATTORNEY TBN #24060578**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE  14TH**

**DATE ORDER SIGNED:     11-21-14**

**MOTION FOR NEW TRIAL/REQUEST FOR FINDINGS OF FACT; DATE: FILED   12-19-14**

**REQUEST TRANSCRIPT DATE FILED      NONE**

**NOTICE OF APPEAL DATE FILED         02-18-15**

**NUMBER OF DAYS: ( CLERKS RECORD )   120 - POST TRIAL MOTION FILED; MOTION FOR NEW TRIAL**

**FILE ORDERED:   YES ☐   NO ☒   IMAGED FILED:   YES ☒  NO ☐**

**CODES FOR NOTICE OF APPEAL:   BC , C, OA**

CHRIS DANIEL
Harris County, District Clerk

By:  /s/PHYLLIS WASHINGTON
**PHYLLIS WASHINGTON, Deputy**

BC      NOTICE OF APPEAL FILED
BG      NOTICE OF APPEAL FILED – GOVERNMENT
C       JUDGMENT BEING APPEALED
D -     ACCELERATED APPEAL
OA      NO CLERK'S RECORD REQUEST FILED
O        CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA      AMENDED NOTICE OF APPEAL

## CAUSE NO. 2011-14628

| | | |
|---|---|---|
| RICARDO TIJERINA, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ROBERT WYSONG and | § | |
| HOUSTON INTERNATIONAL | § | |
| AIRCRAFT SUPPORT, INC., | § | |
| *Defendants* | § | 189th JUDICIAL DISTRICT |

## NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff RICARDO TIJERINA ("Tijerina"), through his undersigned counsel, and files this *Notice of Appeal* ("Notice") pursuant to Texas Rule of Appellate Procedure ("Rule") 25.1, and in support thereof would respectfully show the Court the following:

1.      Plaintiff Tijerina desires to appeal from the *Final Judgment* signed by the Court on November 21, 2014 in the above–captioned and –styled case.

2.      Plaintiffs appeal to either the First or Fourteenth Court of Appeals.

3.      The appeal in this case is an appeal of a final judgment.

4.      Pursuant to Local Rule 1.4(a) of both the First and Fourteenth Courts of Appeals, there is no related appeal or original proceeding previously filed in either Court of Appeals.

Respectfully submitted,

**THE SHEENA LAW FIRM**

By: /s/ *Jason P. Scofield*
DANNY M. SHEENA, P.E.
State Bar No. 00792830
S.D. Texas Attorney No. 19110
danny@sheenalawfirm.com
JASON P. SCOFIELD
State Bar No. 24060578
jason@sheenalawfirm.com
2500 West Loop South, Suite 518
Houston, Texas 77027-4508
(713) 224-6508
(713) 225-1560 Facsimile
E-mail: danny@sheenalawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF FILING

I HEREBY CERTIFY that pursuant to Texas Rule of Appellate Procedure 25.1(e), a true and correct copy of the foregoing *Notice of Appeal* was filed with the Clerk of the Court for the First and Fourteenth Courts of Appeals on the 18th day of February 2015.

Hon. Christopher A. Prine
Clerk of Court
Texas First and Fourteenth Courts of Appeals
301 Fannin Street
Houston, Texas 77002-2066

/s/ *Jason P. Scofield*
Jason P. Scofield

## CERTIFICATE OF SERVICE

I FURTHER CERTIFY that a true and correct copy of the foregoing *Notice of Appeal* was sent via electronic service and/or hand delivery and/or facsimile and/or certified mail, return receipt requested, to all counsel of record on the 18th day of February 2015.

Phil Griffis
The Law Office of Phil Griffis
2525 Bay Area Blvd., Suite 195
Houston, Texas 77058
(832) 284-4013
(713) 493-7253 Facsimile
pgriffis@griffislawfirm.com
**ATTORNEY FOR DEFENDANTS**

/s/ *Jason P. Scofield*

Jason P. Scofield

CAUSE NO. 2011-14628

| | | |
|---|---|---|
| RICARDO TIJERINA | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| ROBERT M. WYSONG AND | § | |
| HOUSTON INTERNATIONAL | § | |
| AIRCRAFT SUPPORT, INC. | § | |
| Defendants. | § | 189TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

The above-styled and numbered cause was called for trial on October 14, 2014. All parties appeared personally, and through their attorneys of record, and all parties announced that they were ready for trial.

A jury was duly accepted, impaneled, sworn and began to receive the evidence. Plaintiff's operative Petition asserted the following four causes of action:

FILED
Chris Daniel
District Clerk

NOV 21 2014

ne: _____
Harris County, Texas

1. Breach of contract;

2. Conversion;

3. Violations of the Texas Theft Liability Act, as set forth in Chapter 134 of the Texas Civil Practice and Remedies Code, and,

4. Violations of Texas Property Code Section 93.002(e) and (f).

Plaintiff abandoned his breach of contract cause of action at trial, and did not seek jury findings on that cause of action.

Following the close of Plaintiff's evidence, the Court granted Defendants' Motion for Directed/Instructed Verdict on Plaintiff's claims of conversion and violations of the Texas Theft Liability Act.

The jury, on October 16, 2014 returned its verdict. Defendants then filed their Motion to Disregard the Jury's Answers To Jury Questions 1 and 4 and to Enter Judgment Based Upon the Remaining Jury Questions and Court Rulings. After reviewing the motion and the response of

Plaintiff, if any, the Court finds the motion to be well taken, and hereby grants it. The Court, for those reasons set out in Defendants' Motion, disregards the Jury's answers to Questions 1 and 4. Further, the Court finds that, as a matter of law Defendants did not breach Section 93.002(e) or (f) of the Texas Property Code. The Court takes notice that, in response to Question 3, the jury found that Plaintiff received actual notice before March 10, 2009, that the personal property that remained at 6402 South Acres might be sold or otherwise disposed of by the owner of the premises if Plaintiff failed to remove the property. The Court finds that this actual notice negated/obviated the need for statutory notice pursuant to Section 93.002(e) of the Civil Practice and Remedies Code.

The Court, therefore, hereby enters final, take-nothing judgment in favor of Defendants, and against Plaintiff, on all claims asserted by Plaintiff in the above-styled and numbered cause.

The Court finds that Defendants prevailed, and were thus the "prevailing parties" as to Plaintiff's claim made pursuant to the Texas Theft Liability Act. Pursuant to Civil Practice and Remedies Code Section 134.005(b), therefore, the Court awards Defendant $51,005.00 in past reasonable and necessary attorneys' fees, as found by the jury, incurred in connection with defense of Plaintiff's Theft Liability Act claim. The Court also awards the following future attorneys' fees to Defendants:

$6,000 for representation through appeal to the court of appeals;

$6,000 for representation for review stage in the Supreme Court of Texas;

$6,000 for representation at the merits briefing stage in the Supreme Court of Texas; and

$6,000 for representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

Defendants are hereby awarded their taxable costs of court, for which execution may issue.

Each party in whose favor judgment has been entered shall have all writs of execution and other process necessary to enforce this judgment.

SIGNED on the ___21___ day of __November__, 2014.

_/s/ William R. Burke Jr._
JUDGE PRESIDING

APPROVED AS TO FORM AND SUBSTANCE:


By:    /s/ Phil Griffis
       PHIL GRIFFIS
       Texas Bar No. 08476400
       The Law Office of Phil Griffis
       2525 Bay Area Blvd., Suite 195
       Houston, Texas 77058
       Telephone:    (832) 284-4013
       Facsimile:    (713) 493-7253
       pgriffis@griffislawfirm.com
       **ATTORNEY FOR DEFENDANTS**

CAUSE NO. <u>2011-14628</u>

| | | |
|---|---|---|
| **RICARDO TIJERINA**<br>**Plaintiff** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **V.** | §<br>§ | **189TH JUDICIAL DISTRICT** |
| **ROBERT WYSONG AND HOUSTON**<br>**INTERNATIONAL AIRCRAFT**<br>**SUPPORT, INC. ,**<br>Defendants' | §<br>§<br>§<br>§<br>§<br>§ | **OF HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S MOTION FOR NEW TRIAL AND REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Ricardo Tijerina and files this Motion for New Trial and Request for Findings of Fact and Conclusions of Law, and would respectfully show the Court the following:

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

1.     Plaintiff sued Defendants for conversion, statutory theft, violation of Section 93.0093(e) of the Texas Property Code, and breach of contract. After Plaintiff presented his case in chief, the Court entered a directed verdict in favor of Defendants on Plaintiff's claims for conversion and statutory theft, stating that the Court found as a matter of law that Plaintiff had abandoned his property, that there was no credible or probative evidence that Plaintiff had not abandoned his property, and that accordingly Plaintiff's claims for statutory theft and conversion failed as a matter of law. Nevertheless, the Court submitted a fact question to the jury on the issue of whether or not Plaintiff had abandoned his property.

1

2. On October 16, 2014, the jury returned its verdict. A copy of the completed charge is attached as Exhibit 1. After return of the verdict, the Court disregarded all favorable jury findings to Plaintiff and entered a judgment in favor of Defendant for attorney's fees based on Defendant being the prevailing party on the statutory theft claim on which the court granted directed verdict.

## II.

## ARGUMENTS AND AUTHORITIES

3. The Court should grant a new trial on Plaintiff's claims for conversion and statutory theft. The Court granted directed verdict on these claims based on the Court's findings that Plaintiff had abandoned his property. Subsequently the jury found that Plaintiff had not abandoned his property. Because there was evidence of to support a claim of statutory theft and conversion, directed verdict on these claims was improper.

4. Further the Court abused its discretion by admitting attorney fee testimony of Phil Griffis on behalf of Defendant because the evidence was inadmissible and its admission caused the rendition of an improper judgment. On March 18, 2014, the Court entered a docket control order in this case. That docket control order provided that Defendants must designate all experts by August 13, 2014. Mr. Griffis appeared as Defendants' attorney on or about May 3, 2014. Mr. Griffis provided no designation of himself on the attorney fee issue until September 9, 2014. The designation of Mr. Griffis did not contain any fee statements or resume. At trial, Plaintiff objected to the testimony of Mr. Griffis on the grounds that he was not timely designated as an expert, that he was not properly designated as an expert, that he had not timely produced time sheets, that he had no personal knowledge of what the prior attorney's on the case actually did, and that

2

Defendants failed to segregate their fees between recoverable and non-recoverable causes of action. The court nevertheless allowed the testimony of Mr. Griffis. Mr. Griffis testified that he had no personal knowledge of what services the prior attorney's handling Defendants' case actually did. There were no billing records for the prior attorneys admitted into evidence, and Defendants never produced complete billing records for the prior attorneys. Mr. Griffis offered no testimony on how the fees were segregated among the Defendants and whether or not the fees were segregated based on recoverable versus non-recoverable causes of action. Accordingly, his testimony was inadmissible and its admission caused the rendition of an improper verdict.

5. Further and in the alternative, Plaintiff requests that the Court enter findings of fact and conclusions of law in support of its directed verdict on Plaintiff's claims for conversion and statutory theft. Plaintiff further requests findings of fact and conclusions of law in support of the Court's order disregarding the favorable jury findings to Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the Court grant Plaintiff a new trial and alternatively provide findings of fact and conclusions of law, and for all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: /s/ *Jason Scofield*
JASON P. SCOFIELD
State Bar No. 24060578
2500 W. Loop South, Suite 518
Houston, Texas 77027
(713) 224-6508
(713) 225-1560 Facsimile
Jason@Sheenalawfirm.com

**ATTORNEYS FOR PLAINTIFF**

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent via facsimile and/or certified mail, return receipt requested to the below listed counsel of record on December 19, 2014.

By: /s/ *Jason Scofield*
Jason P. Scofield

Phil Griffis
2525 Bay Area Blvd
Suite #195
Houston, TX 77058
832 284 4013
713 493 7253 Fax
ATTORNEY FOR DEFENDANTS

```
JURN7 (NSA#)    JUSTICE INFORMATION MANAGEMENT SYSTEM    MAR 04, 2015(C1)
INT6510              CIVIL CASE INTAKE              OPT: _____ - INT
                   GENERAL PARTY INQUIRY           PAGE:   1 -    2

CASE NUM: 201114628__ PJN> __  TRANS NUM: _____ CURRENT COURT: 189 PUB? _
CASE TYPE: CONVERSION                  CASE STATUS: DISPOSED (FINAL)
STYLE: TIJERINA, RICARDO          VS HOUSTON INTERNATIONAL AIRCRAFT SU
===============================================================================
                    **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME           PTY   ASSOC. ATTY
  NUM    NUMBER                                        STAT
_     00004-0001 AGT        HOUSTON INTERNATIONAL AIRCRAFT
_     00003-0001 DEF 08476400 WYSONG, ROBERT M                 GRIFFIS, JOHN
_     00003-0001 DPS        WYSONG, ROBERT M
_     00003-0001 PAD 24057613 LANDRY, CHRISTIAN ANNE
_     00003-0001 PAD 24069408 BRADSHAW, KEVIN LINDSEY
_     00002-0001 DEF 08476400 HOUSTON INTERNATIONAL AIRCRAFT   GRIFFIS, JOHN
_     00002-0001 DPS        HOUSTON INTERNATIONA
_     00002-0001 PAD 24057613 LANDRY, CHRISTIAN ANNE

==> (10) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

CASE NUM: 201114628__ PJN> __  TRANS NUM: _____ CURRENT COURT: 189 PUB? _
CASE TYPE: CONVERSION                    CASE STATUS: DISPOSED (FINAL)
STYLE: TIJERINA, RICARDO          VS HOUSTON INTERNATIONAL AIRCRAFT SU
==============================================================================
                    **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME              PTY    ASSOC. ATTY
  NUM    NUMBER                                          STAT
 _    00002-0001 PAD 24069408 BRADSHAW, KEVIN LINDSEY
 _    00001-0001 PLT 24060578 TIJERINA, RICARDO                 SCOFIELD, JAS




==> (10) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR. 10=REFRESH   11=HELP